IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**TIFFANY N. ROBERSON**, Individually,
and on behalf of herself and all other similarly
situated current and former employees,

    Plaintiff,

        v.

**TEXAS ROADHOUSE
MANAGEMENT CORP.,**

    Defendant.

CASE NO. 3:19-CV-628-DJH

**FLSA Opt-In Collective Action
JURY DEMANDED**

## COLLECTIVE ACTION COMPLAINT

Plaintiff Tiffany N. Roberson ("Plaintiff"), individually, and on behalf of herself and other similarly situated current and former tipped employees, brings this collective action against Defendant Texas Roadhouse Management Corp., ("Defendant") and, alleges as follows:

**I.**

**INTRODUCTION**

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages and other damages owed to Plaintiff and other similarly situated current and former tipped employees who are members of a class as defined herein and employed by Defendant.

**II.**

1

## JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant's national headquarters are located in this District and it regularly conducts business in this District.

## III.

## CLASS DESCRIPTION

4. Plaintiff brings this action on behalf of the following similarly situated persons:

> All current and former hourly-paid tipped employees (servers, waiters, waitresses and bartenders) of Defendant in the United States who work (or have worked) at Defendant's Texas Roadhouse restaurants at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class")[1]

## IV.

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

## PARTIES

5. Defendant, Texas Roadhouse Management Corp., is a Kentucky corporation with its principal offices located at 6040 Dutchmans Lane, Louisville, Kentucky, 40205-3305. Defendant can be served via its registered agent, Corporation Service Company, located at 2908 Poston Avenue, Nashville, TN 37203-1312 USA.

6. Plaintiff Tiffany N. Roberson was employed by Defendant as an hourly-paid tipped employee at one of Defendant's Texas Roadhouse restaurant in Horn Lake, Mississippi within the past three years preceding the filing of this collective action lawsuit. (Plaintiff Roberson's Consent to Join this collective action is attached hereto as *Exhibit A*.)

## V.
## FACTUAL ALLEGATIONS

7. Defendant owns and operates Texas Roadhouse branded restaurants throughout the United States.

8. Defendant has been an "employer" of Plaintiff and those similarly situated during the relevant period to this action.

9. The primary function of Defendant's restaurants is to sell and serve food and beverage items to customers.

10. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) during all times relevant to this collective action lawsuit.

11. Defendant employed Plaintiff and those similarly situated and was responsible for establishing and administering their pay and overtime rates of pay during all times material to this lawsuit.

12. During all times material, Defendant has had a common plan, policy and practice of compensating Plaintiff and those similarly situated under a tip-credit compensation plan, consisting of compensating tipped employees with only a sub-minimum wage hourly rate of pay and then supposedly crediting tips received by them during their shifts which, when added to the sub-minimum wage pay, would amount to at least the FLSA required hourly rate of pay of at least $7.25.

13. However, there are strict requirements under the FLSA for an employer to be eligible to implement and administer such a tip credit compensation plan.

14. Under 29 U.S.C. § 203 (m), an employer utilizing such a tip credit compensation plan must inform its tipped employees in advance of its intention to use such plan pursuant to said Section 203 (m) of the FLSA.

15. Notably, under Section 203(m) of the FLSA, an employer is not entitled to utilize a tip credit compensation plan unless it informs its tipped employees of the following in advance: (1) the amount of the sub-minimum wage cash wage that is to be paid to the respective tipped employee; (2) the amount by which the wages of the respective tipped employee are decreased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool and, (4) that the tip credit shall not apply to any employee who does not receive the Section 203(m) notice.

16. Defendant failed to inform Plaintiff and, on information and belief, likewise failed to inform those similarly situated of the Section 203(m) four-point notice requirements before or after the beginning of their employment.

17. As a result of its failure to inform Plaintiff and those similarly situated of the said Section 203(m) "tip credit" four-point notice requirements, Defendant has disqualified itself from eligibility for such a plan during all times material.

18. Consequently, Defendant is liable to Plaintiff and those similarly situated for all hours worked within weekly pay periods at the applicable FLSA minimum wage rate of pay of $7.25 per hour and, any related overtime at the applicable FLSA overtime rate of pay one and one-half times their regular hourly rate of pay for hours over forty (40) per week during all times material to this lawsuit.

19. The U.S. Department of Labor's Fact Sheet #15 provides "the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

20. According to the regulation promulgated by the U.S. Department of Labor, " . . . tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA." 29 C.F.R. § 531.52.

21. Aside from its failure to inform Plaintiff and those similarly situated of its aforementioned tip credit compensation plan, Defendant has had a centralized, unified and common plan, policy and practice of strictly enforcing restricted hours of compensable work per day and per week (budgeted labor) by providing incentives (bonuses) to managers to stay within or below such budgeted labor, even though such budgeted labor was/is inadequate to meet the operational demands and needs of its restaurants. In turn, this policy has forced Defendant's managers to encourage, entice, condone, induce, require and/or, suffer and permit, Plaintiff and those similarly situated

to perform unrelated (dual occupation),[2] non-tip producing tasks while clocked-in to Defendant's timekeeping system as tipped employees at a sub-minimum "tip credit" wage as well as to perform non-tip producing preparation and maintenance "side work" of more than 20% of their work time while only receiving a sub-minimum wage rate of pay, all in violation of the FLSA, as described further hereinafter.

22. At all times material to this action, Plaintiff and those similarly situated have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and, worked for Defendant within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

23. At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

24. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it has been an enterprise engaged in interstate commerce and its employees have been engaged in interstate commerce.

25. Defendant has and continues to classify hourly-paid employees as "tipped employees" while requiring them to routinely perform non-tipped tasks and, thereby, are deprived of the opportunity to earn tips during a significant portion of their respective shifts.

26. More specifically, Plaintiff and those similarly situated routinely have spent up to an hour or more of each shift performing tasks non-tipped during periods of time when not assigned "tables" and which tasks are unrelated to their tip producing duties (i.e., "dual occupation" duties) including, but not limited to: vacuuming and sweeping and taking

---

[2] *See* 29 C.F.R. § 531.56(e)

out trash, cleaning restaurant artifacts, décor, lights, blinds, windows, cleaning ice and tea bins, wiping down walls and attending "alley rally" meeting.

27. In addition, Plaintiff and those similarly situated routinely have spent more than twenty percent (20%) of their regularly scheduled shifts performing maintenance and preparation "side work" tangentially related to their tipped occupation but, nonetheless, consisting of non-tip producing tasks (such as refilling sugar caddies, refilling salt and pepper shakers, filing ice bins, refilling condiments, cleaning chairs, tables, booths, restaurant artifacts and décor, lights, blinds, windows, as well was preforming pre-closing cleaning tasks, vacuuming and/or sweeping dining areas, checking dishes, and napkins), while only being compensated at a sub-minimum wage rate of pay pursuant to Defendant's tip credit compensation plan rather than at the applicable minimum wage rate of pay of $7.25 per hour.

28. As a result, Plaintiff and those similarly situated are entitled to at least the applicable FLSA minimum wage for all hours performing such "dual occupation" duties, without applying a tip credit.

29. Likewise, as a result, Plaintiff and those similarly situated are entitled to at least the applicable FLSA minimum wage for all hours performing in excess of twenty (20) percent maintenance and preparation "side work", without applying a tip credit.

30. The aforementioned unpaid wage claims of Plaintiff and those similarly situated are united by common theories of Defendant's FLSA violations.

31. The net effect of Defendant's aforementioned plan, policy and practice of requiring Plaintiffs and other class members to perform "dual occupation," non-tip producing work at the tip credit rate when not assigned customers, and to perform tasks tangentially

        related tipped occupation, including preparation and maintenance "side work" of more than twenty (20) percent of the work time while only receiving a sub-minimum wage rate of pay for such time was to stay within its "budgeted labor" cost for each of its restaurants and, thereby, save payroll costs and payroll taxes. As a consequence, Defendant has violated the FLSA and thereby enjoyed ill-gained profits at the expense of Plaintiff and those similarly situated.

32. Although at this stage Plaintiff is unable to state the exact amount owed to her and other members of the class, she believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff bring this action on behalf of herself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

34. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

35. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time and, can only be ascertained through applicable discovery, she believes there are at several thousands of similarly situated hourly-paid tipped employees in the class.

36. The claims of Plaintiff are typical of the claims of the class. Plaintiff and other members of the class who work or have worked for Defendant at its Texas Roadhouse restaurants

were subjected to the same operational, compensation and timekeeping policies and practices, including Defendant's failure to provide them with the aforementioned Section 203(m) four-point tip credit plan notice as well as Defendant's failure to pay them the applicable FLSA minimum wage of $7.25 per hour (without applying a tip credit) for unrelated "dual occupation" non-tip producing work when not assigned "tables" and Defendant's failure to compensate them with at least the FLSA minimum wage of $7.25 per hour (without applying a tip credit) for time spent performing related non-tip producing preparation and maintenance "side work" in excess of twenty (20) percent of their work time as well as any related overtime at the applicable FLSA overtime rate of pay for such non-compensated work.

37. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiff and other members of the class were expected and/or required to perform work without proper compensation;

- Whether Defendant suffered and permitted Plaintiff and other members of the class to perform work without proper compensation;

- Whether Defendant failed to pay Plaintiff and the other members of the class the applicable FLSA minimum wage for all work performed;

- The correct statutes of limitations for the claims of Plaintiff and other members of the class;

- Whether Plaintiff and other members of the class are entitled to damages from Defendant, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendant is liable for interest, attorneys' interest, fees, and costs to Plaintiffs.

38. Plaintiff will fairly and adequately protect the interests of the class as her interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class and Plaintiff has retained competent counsel who are experienced in FLSA collective action litigation.

39. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

40. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendant.

## COUNT I

### FLSA VIOLATION – FAIILURE TO PROVIDE TIP CREDIT NOTICE VIOLATIONS
**(On Behalf of the Class)**

41. Plaintiff, on behalf of herself and other members of the class, repeats and re-alleges Paragraphs 1 through 40 above, as if they were fully set forth herein.

42. At all times relevant herein, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

43. Plaintiff and class members were paid hourly rates of pay below the FLSA minimum wage rates of pay of $7.25 per hour as well as below any related overtime compensation

of one and one-half times their regular hourly rates of pay for all hours in excess of forty (40) per week during all times material.

44. Pursuant to Defendant's aforementioned failure to provide Plaintiff and those similarly situated with the aforementioned Section 203 (m) four-point notice requirement relating to its tip credit compensation plan, it has disqualified itself from being eligible for such plan and, therefore, is liable to them for all hours worked within weekly pay periods during all times material at the applicable FLSA minimum wage rate of pay at $7.25 per hour, as well as any related overtime at the applicable FLSA overtime rates of pay per hour.

45. At all times relevant, Defendant has had actual and/or constructive knowledge of failing to provide Plaintiff and those similarly situated of the aforementioned Section 203(m) four-point notice relating to its tip credit compensation plan.

46. At all times relevant, Defendant has had actual and/or constructive knowledge of failing to compensate Plaintiff and those similarly situated at the FLSA minimum wage rate of $7.25 per hour (as well as any related overtime at the applicable overtime rate of pay) for time spent performing non-tip producing "dual occupation" work as well as time spent in excess of twenty (20) percent performing non-tip producing maintenance and preparation work.

47. Defendant's failure to provide Section 213(m) notice was willful and, committed without a good faith basis.

48. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

49. Due to Defendant's aforementioned willful FLSA violations and lack of a good faith basis in committing such violations, Plaintiff and the other members of the class are entitled to recover from Defendant compensation for unpaid minimum wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## COUNT II

### FLSA VIOLATION – UNRELATED "DUAL OCCUPATION" VIOLATIONS
**(On Behalf of the Class)**

50. Plaintiff, on behalf of herself and other members of the class, repeats and re-alleges Paragraphs 1 through 49 above, as if they were fully set forth herein.

51. At all times relevant herein, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

52. Pursuant to its centralized, uniform and common plans, policies and practices, Defendant has failed to pay Plaintiff and other members of the class the applicable FLSA minimum wage rates for all hours worked during all times material.

53. At all times relevant and based on the aforementioned allegations, Defendant has had a centralized, uniform and common plan, policy and practice of willfully refusing to pay Plaintiff and other members of the class minimum wage for all unrelated "dual occupation" job duties, as described above.

54. At all times relevant herein, Defendant's aforementioned centralized, uniform and common plans, policies and practices of willfully failing to pay Plaintiff and members of the class at least the required minimum wage rate of $7.25 an hour for all unrelated "dual

occupation" job duties constitute an unpaid "minimum wage" claim of Plaintiff and class members.

55. At all times relevant, Defendant has had actual and/or constructive knowledge of refusing to pay Plaintiff and other members of the class for all the aforementioned unrelated "dual occupation" time of at least the applicable FLSA minimum wage rate of pay.

56. Defendant's aforementioned FLSA violations were willful and committed without a good faith basis.

57. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58. Due to Defendant's aforementioned willful FLSA violations, lack of a good faith basis in committing such violations, Plaintiff and the other members of the class are entitled to recover from Defendant compensation for unpaid minimum wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b)

## COUNT III

### FLSA VIOLATION – 20 PERCENT PLUS "SIDE WORK" VIOLATIONS

**(On Behalf of the Class)**

59. Plaintiff, on behalf of herself and other members of the class, repeats and re-alleges Paragraphs 1 through 58 above, as if they were fully set forth herein.

60. At all times relevant herein, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

61. At all times relevant herein, Defendant employed (and/or continues to employ) Plaintiff and each of the other members of the class within the meaning of the FLSA.

62. At all times relevant and based on the aforementioned allegations, Defendant has had a centralized, uniform and common plan, policy and practice of willfully refusing to pay Plaintiffs and other members of the class minimum wage for time spent in performing non-tip producing maintenance and preparation "side work" job duties in excess of twenty (20) percent of their time without receiving the applicable FLSA minimum wage rate of pay of $7.25 per hour for such time.

63. At all times relevant, Defendant has had actual and/or constructive knowledge of refusing to pay Plaintiff and other members of the class the applicable FLSA minimum wage rate of pay of $7.25 per hour for all time spent performing non-tip producing maintenance and preparation "side work" job duties in excess of twenty (20) percent of their work time.

64. As a result of Defendant's willful failure to compensate Plaintiff and other members of the class for at least the applicable minimum wage rate wage for all time spent performing related, but non-tip producing job duties in excess of twenty (20) percent of their work time, Defendant has violated and continue to violate the FLSA.

65. Plaintiff and the other members of the class are therefore entitled to compensation for unpaid minimum wages at an hourly rate required by the FLSA for all time spent performing related, non-tip producing job duties in excess of twenty (20) percent of their

work time and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually, and/or on behalf of herself and all other similarly situated members of the class, request this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. On Counts I, II and III, an award of compensation for unpaid minimum wages to Plaintiff and the other members of the class at the applicable FLSA minimum wage rate of pay and, any related overtime at the applicable FLSA overtime rate of pay.

C. On Counts I, II and II, an award of liquidated damages to Plaintiff and other members of the class; or in the alternative an award of prejudgment interest.

D. On Counts I, II and III, award post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E. On Counts I, II and III, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. On Counts I, II and III, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated: September 4, 2019

Respectfully submitted,

*/s/ Lori Keen*
Lori Keen (KY BPR #90250)
Attorney at Law
26 North 2nd St.
Memphis, TN 38103
(901) 527-4673
lkeen@gwtclaw.com

&

Gordon E. Jackson* (TN Bar No. 08323)
J. Russ Bryant* (TN Bar No. 033830)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
262 German Oak Drive
Memphis, TN 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*

*Attorneys for Named Plaintiffs on behalf of herself and similarly situated current and former employees*

**Admission Pro Hac Vice Anticipated*